# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CIVIL CASE NO. _____

| | |
|---|---|
| JANISOURCE, LLC and CLEAR MARKETING CORP., <br><br> Plaintiffs, <br><br> v. <br><br> CHANNELADVISOR CORP., <br><br> Defendant. | **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1446, Defendant ChannelAdvisor Corp. ("ChannelAdvisor"), by and through its counsel Jason M. Wenker and Elizabeth L. Winters of Kilpatrick Townsend & Stockton LLP, files this Notice of Removal, removing the civil action captioned *JaniSource, LLC et al. v. ChannelAdvisor Corp.*, 22 CVS 13309, from the North Carolina General Court of Justice, Superior Court Division, County of Wake (the "State Court Action") to the United States District Court for the Eastern District of North Carolina. The United States District Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d). As grounds for removal of this action, ChannelAdvisor states as follows:

## BACKGROUND

1. On or about October 26, 2022, Plaintiffs JaniSource, LLC and Clear Marketing Corp. filed a putative class action complaint (*See* Exhibit A), in the North Carolina General Court of Justice, Superior Court Division, County of Wake.

2. The Complaint and Summons were served on ChannelAdvisor on October 31, 2022 via U.S. Mail on its Registered Agent.

3. Plaintiffs describe this action as one "under the consumer protection laws and unfair trade practices against Defendant for selling software that erases past history, rankings and products from e-commerce platforms," contending that ChannelAdvisor's "software does the exact opposite of what it promises to do, *i.e. **decreases rather than increases*** the user's marketing presence on e-commerce platforms." (Compl. ¶ 1) (emphasis in original). Based on these allegations, Plaintiffs assert claims for: (1) North Carolina Unfair and Deceptive Practices in Trade or Commerce, N.C. Gen. Stat. §75-1.1 *et seq*.; (2) Negligence; and (3) Unjust Enrichment.

4. The Complaint also purports to assert a class action on behalf of "[a]ll persons or entities headquartered outside of the United States who purchased software product [sic] and services of any kind from ChannelAdvisor Corporation for any e-commerce platform, including, for example, Amazon or eBay." (Compl. at ¶ 39.)

## CITIZENSHIP OF THE PARTIES

5. A corporation is considered a citizen of (1) every U.S. state where it is incorporated, and (2) the U.S. state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A limited liability corporation is "is determined by the citizenship of all of its members." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

6. Plaintiff JaniSource, LLC is incorporated under the laws of Ohio and, upon information and belief, has its principal place of business in Ohio. (*See* Ex. B) (JaniSource's Ohio Articles of Organization); (*see also* Compl. ¶ 15) (stating that JaniSource, LLC is "based in Ohio"). JaniSource, LLC's sole member is Judy Seaman Waller, who, upon information and belief, also resides in Ohio. (*See* Ex. B, p. 3) (listing "Judy Seaman Waller, Sole Member" in Ohio Articles of Organization).

7. Plaintiff Clear Marketing Corp. is incorporated under the laws of New York and, upon information and belief, has its principal place of business in New Jersey. (*See* Ex. C) (showing Clear Marketing Corp.'s New York incorporation); (*see also* Compl. ¶ 16) (stating that Clear Marketing Corp. is "based in New Jersey");

8. Defendant ChannelAdvisor Corp. is incorporated under the laws of the State of Delaware and has its principal place of business in Morrisville, North Carolina. (*See* Ex. D, ¶ 3, Declaration of Adam Martin.)

## DIVERSITY JURISDICTION UNDER CAFA

9. Pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), district courts have original jurisdiction over putative class actions with 100 or more putative class members, in which the aggregate amount in controversy exceeds $5,000,000, and any member of the putative class is a citizen of a state different from any defendant. Complete diversity among parties is not required. 28 U.S.C. § 1332(d)(2)(A). CAFA was intended to "expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed." S. Rep. 109-14, at 43 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 41; *see* H. Rep. 108-144, at 36-37 (2005).

10. ***Covered Class Action.*** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs expressly cite North Carolina Rule of Civil Procedure 23, which is analogous to Federal Rule of Civil Procedure 23. (Compl. ¶ 38.)

ChannelAdvisor denies, however, that this case should be certified as a class action, and expressly reserves its right to challenge that issue at the appropriate juncture.

11. **_Class Action Consisting of 100 or More Members._** Plaintiffs allege that their proposed class "is comprised of dozens, if not hundreds, of members." (Compl. ¶ 38.) They also allege that their class reaches "[a]ll persons or entities headquartered outside of the United States who purchased software product and services of any kind from ChannelAdvisor Corporation for any e-commerce platform, including, for example, Amazon or eBay." (*Id.* at ¶ 39.) Though ChannelAdvisor expressly denies that certification is proper, if certification is granted under the alleged class definition, the action would consist of at least 100 or more putative class members according to information available to ChannelAdvisor. (*See* Ex. D, ¶ 5.) Therefore, again without conceding certification is proper, CAFA's requirement that the putative class consist of at least 100 members is satisfied here. 28 U.S.C. § 1332(d)(5)(B).

12. **_Citizenship of Parties._** The requisite minimal diversity of citizenship—which requires any plaintiff to be a citizen of a different state than any defendant—exists under 28 U.S.C. §§ 1332(d)(2). Plaintiff Clear Marketing Corp. is incorporated in New York and has its principal place of business in New Jersey, making it a citizen of those two states. (*See* ¶¶ 5, 7, *supra*.) Plaintiff JaniSource, LLC is an Ohio limited liability company with its sole member domiciled in Ohio. (*See* ¶ 6, *supra*.) By contrast, ChannelAdvisor is headquartered in North Carolina and incorporated in Delaware. (*See* ¶ 8, *supra*.) There is no overlap in the citizenships of any of the parties.

13. **_Amount in Controversy._** There is more than $5 million potentially in controversy in this action. Under 28 U.S.C. § 1332(d), the amount in controversy in a putative class action is determined by aggregating the amount at issue of the claims of all members of the putative class.

28 U.S.C. § 1332(d)(6). While ChannelAdvisor denies that Plaintiffs or any putative class member are entitled to recover in any amount, the Complaint's allegation of a putative class and the relief sought place an aggregate amount in controversy of more than $5,000,000.00, exclusive of interest and costs.

14. When "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (citing 28 U.S.C. 1446(c)(2)(A)). To establish the amount in controversy sufficient to remove a putative class action to federal court, a defendant need not submit proof to establish the amount in dispute, but rather "may simply allege or assert that the jurisdictional threshold has been met." *Id*. at 89. Specifically, CAFA's amount in controversy requirement is satisfied where the proponent of federal jurisdiction provides a good-faith estimate that plausibly explains how the stakes exceed $5 million. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89 ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Scott v. Cricket Commc'ns, LLC,* 865 F.3d 189, 196 (4th Cir. 2017) (a CAFA notice of removal's estimation of the amount in controversy may rely "on reasonable estimates, inferences, and deductions.") The movant may also submit affidavits to aid the Court in making "an independent evaluation as to whether or not the jurisdictional amount is in issue." *Priselac v. Chemours Co*., 561 F. Supp. 3d 562, 570 (E.D.N.C. 2021).

15. Here, although ChannelAdvisor denies that Plaintiffs are entitled to recover any amount, the Complaint alleges that the two named Plaintiffs, alone, have suffered "**millions** of dollars in damages and lost revenue." (Compl. ¶ 12) (emphasis added). That number, if proven, could potentially be trebled under N.C. Gen. Stat. § 75-16. That total by itself could therefore

exceed $5,000,000 just for the two named Plaintiffs without considering a class of over 100 members.

16. Possible attorneys' fees awarded to plaintiff and the putative class also should be included in the amount in controversy analysis where the plaintiff may be entitled to such fees under any statutory claims asserted in the complaint. *Bartnikowski v. NVR, Inc.,* 307 F. App'x 730, 736 (4th Cir. 2009) ("…since the North Carolina statute provides for the recovery of attorneys' fees as a substantive right, they are properly includable in the amount in controversy estimate.") (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267 (1933)). Here, although ChannelAdvisor denies that any of Plaintiffs' claims are meritorious and denies that attorneys' fees should be awarded to Plaintiffs, attorneys' fees *may* be awarded under Plaintiffs' North Carolina Deceptive Trade Practices claim. *See* N.C. Gen. Stat. § 75-16.1 ("In any suit instituted by a person who alleges that the defendant violated G.S. § 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the availing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party….") Therefore, the potential fee award to class counsel should be considered in determining the amount in controversy. While this amount is unknown, it is reasonable to expect that Plaintiffs and the putative class likely will seek substantial attorneys' fees if they prevail.

17. Because Plaintiffs and the putative class seek potentially significant actual damages, treble damages, and statutory attorneys' fees, it is clear from the "the breadth of the damages sought and size of the putative class" that the amount in controversy is in excess of the $5,000,000 CAFA threshold. 28 U.S.C. § 1332(d)(2). *Priselac v. Chemours Co.*, 561 F. Supp. 3d 562, 570 (E.D.N.C. 2021).

18. ***No CAFA Exception Applies.*** ChannelAdvisor does not bear the burden of proof in its Notice of Removal to show that CAFA's exceptions to jurisdiction are inapplicable. *See Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.,* 928 F.3d 325, 335–36 (4th Cir. 2019) ("Under CAFA, the removing party bears the burden of establishing federal jurisdiction over a class action, but the party seeking remand has the burden of proving that one of CAFA's three exceptions to removal applies."). Nevertheless, neither the "home state exception" nor "local controversy exception" to CAFA is applicable here.

19. Under the "home state exception," a district court shall decline jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. 1332(d)(4)(B). Here, ChannelAdvisor is the only defendant. Although ChannelAdvisor is a citizen of North Carolina given its principal place of business here, the home state exception is inapplicable because two-thirds or more of the members of the proposed plaintiff class are not citizens of North Carolina. As alleged in the complaint, the putative class involves ChannelAdvisor's customers *outside* of the United States.

20. The "local controversy" exception also is inapplicable. The local controversy exception is "'a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole.'" *Westerfeld v. Indep. Processing, LLC,* 621 F.3d 819, 822 (8th Cir. 2010) (*quoting* S. Rep. No. 109-14, at 39, *reprinted in* 2005 U.S.C.C.A.N. 3, 38). Under the "local controversy exception," a district court shall decline to exercise jurisdiction over a class action in which: (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least 1 defendant is a defendant (aa) from whom significant relief is sought by members of the plaintiff class, (bb) whose

alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and (cc) who is a citizen of the State in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A)(i). Moreover, during the three-year period preceding the filing of that class action, no other class action must have been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. 28 U.S.C. § 1332(d)(4)(A)(ii). Although ChannelAdvisor is a citizen of North Carolina given its principal place of business here, the home state exception is inapplicable because two-thirds or more of the members of all of the proposed plaintiff class are not believed to be citizens of North Carolina. As alleged in the complaint, the putative class involves ChannelAdvisor's customers *outside* of the United States.

## PROCEDURAL REQUIREMENTS

21. **Removal is Timely.** This Notice of Removal has been timely filed within thirty days of service of the Complaint by ChannelAdvisor on October 31, 2022, pursuant to 28 U.S.C. § 1446(b). Based on review of the official state court file, no other defendants have been named, served with process, or entered an appearance in this case.

22. **Removal To Proper Court.** The North Carolina General Court of Justice, Superior Court Division, County of Wake is located within the Eastern District of North Carolina, Western Division. 28 U.S.C. § 93(b). This Notice of Removal is therefore properly filed in this Court, pursuant to 28 U.S.C. 1441(a).

23. **Pleadings and Process.** Attached hereto as Ex. A is a copy of all process, pleadings, and orders received in the state court action. 28 U.S.C. § 1446(a).

24. *Notice.* Contemporaneous with the filing of this Notice of Removal, written notice of the filing of this Notice has been delivered to all parties who have appeared in this action, through their counsel of record, and a copy of this Notice will be timely filed with the clerk of the state court in which the action is pending, pursuant to 28 U.S.C. § 1446(d).

25. *Signature.* This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

26. *Bond and Verification.* Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

27. *Non-waiver of Defenses.* By filing this Notice of Removal, ChannelAdvisor does not waive any defenses available to it. And ChannelAdvisor does not admit any of the allegations in the Complaint. ChannelAdvisor expressly reserves the right to contest those allegations at the appropriate time.

28. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and 28 U.S.C. § 1367, and this action therefore may be removed to this Court under 28 U.S.C. §§ 1441, 1446 & 1453.

29. In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, ChannelAdvisor respectfully requests the opportunity to submit such additional briefing, argument, or evidence in support of removal as may be necessary.

30. A copy of this notice of removal is being served on the Clerk of Court of Wake County, North Carolina contemporaneously with the filing of this document, as shown by the notice attached as Exhibit E.

## CONCLUSION

ChannelAdvisor respectfully removes this action to the United States District Court for the Eastern District of North Carolina, and for such other and further relief to which it may be justly entitled.

Dated: November 30, 2022                Respectfully submitted,

/s/ Elizabeth L. Winters
Jason M. Wenker, NC State Bar No. 36076
Elizabeth L. Winters, NC State Bar No. 44918
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
Email: JWenker@KilpatrickTownsend.com
Email: BWinters@KilpatrickTownsend.com

*Attorneys for Defendant ChannelAdvisor Corp.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served the document upon Plaintiffs by depositing a copy thereof in the United States mail, postage prepaid and addressed as follows:

> Deepali A. Brahmbhatt
> 3120 Scott Blvd. #13
> Santa Clara, CA 95054
>
> Timothy Devlin
> Devlin Law Firm LLC
> 1526 Gilpin Ave.
> Wilmington, DE 19806
>
> Gary W. Jackson
> Christopher R. Bagley
> Law Offices of James Scott Farrin
> 555 S. Mangum Street, Suite 800
> Durham, NC 27701
>
> *Attorneys for Plaintiffs JaniSource, LLC and Clear Marketing Corp.*

This the 30th day of November 2022.

> /s/ Elizabeth L. Winters
> Elizabeth L. Winters, NC State Bar No. 44918
> KILPATRICK TOWNSEND & STOCKTON LLP
> 1001 West Fourth Street
> Winston-Salem, North Carolina 27101-2400
> Telephone: (336) 607-7300
> Facsimile: (336) 607-7500
> Email: BWinters@KilpatrickTownsend.com
>
> *Attorney for Defendant ChannelAdvisor Corp.*